IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JACK LEE HELDMAN,**

        Plaintiff,

  vs.                                    Civil Action 2:15-CV-540
                                                Judge Watson
                                                Magistrate Judge King

**COMMISSIONER OF SOCIAL SECURITY,**

        Defendant.

<u>REPORT AND RECOMMENDATION</u>

**I.**

This is an action instituted under the provisions of 42 U.S.C. §405(g) for review of a final decision of the Commissioner of Social Security denying plaintiff's application for supplemental security income ("SSI benefits"). This matter is before the Court for consideration of plaintiff's *Statement of Errors*, ECF 14, the Commissioner's *Memorandum in Opposition*, ECF 19, and plaintiff's *Reply*, ECF 20.

Plaintiff filed this – his second - application for SSI benefits on July 7, 2011, alleging that he has been disabled since October 31, 2008 by reason of problems with his back, knees, hips, ankle, vision, headaches and "anger problems." *PAGEID* 234. The application was denied initially and upon reconsideration, and plaintiff requested a *de novo* hearing before an administrative law judge. A video hearing was held on August 27, 2013, at which plaintiff, represented by counsel, appeared and testified, as did Karen White, who testified as a vocational expert.

In a decision dated September 11, 2013, the administrative law judge found that plaintiff had not engaged in substantial gainful activity since

1

the July 2011 application date and had severe impairments consisting of degenerative changes of the cervical and lumbar spine, depressive disorder, alcohol dependence and cannabis dependence. *PAGEID* 65. The administrative law judge concluded that plaintiff was nevertheless not disabled because his residual functional capacity ("RFC") for a reduced range of medium work permitted him to perform work that exists in significant numbers in the national economy. *PAGEID* 60-75. That decision became the final decision of the Commissioner of Social Security when the Appeals Council declined review on December 12, 2014. *PAGEID* 51-55.

In his *Statement of Errors*, plaintiff challenges the administrative law judge's RFC determination as unsupported by substantial evidence and because, in making that determination, the administrative law judge failed to perform a function-by-function analysis. *Id.* at *PAGEID* 364-67. Plaintiff also complains that the administrative law judge failed to properly evaluate plaintiff's most recent claim for benefits in light of the first administrative determination. *Id.* at *PAGEID* 367-68.

Pursuant to 42 U.S.C. §405(g), judicial review of the Commissioner's decision is limited to determining whether the findings of the administrative law judge are supported by substantial evidence and employed the proper legal standards. *Richardson v. Perales*, 402 U.S. 389 (1971). Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Buxton v. Halter,* 246 F.3d 762, 772 (6th Cir. 2001); *Kirk v. Secretary of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981). This Court does not try the case *de novo*, nor does it resolve conflicts in the evidence or questions of credibility.

*See Brainard v. Secretary of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, this Court must examine the administrative record as a whole. *Kirk*, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if this Court would decide the matter differently, *see Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *Longworth v. Comm'r Soc. Sec.,* 402 F.3d 591, 595 (6th Cir. 2005).

**II.**

As plaintiff notes in his *Statement of Errors*, "[t]he issues in the case are legal issues and not fact driven." *Id.* at *PAGEID* 363. The Court will nevertheless provide a brief summary of the relevant factual background.

Plaintiff was 55 years of age on the date that he filed his current application for benefits. *PAGEID* 74, 207. He has a high school education. *PAGEID* 74, 235. He has not engaged in substantial gainful activity since July 7, 2011, the date that his current application was filed. *PAGEID* 65.

Plaintiff testified at the August 2013 administrative hearing that he earns some money by taking materials to a recycling center for cash. *PAGEID* 84-85. The effort causes pain in his neck, back, feet and hips. *PAGEID* 92. Plaintiff also testified that he watches television, listens to the radio, and helps his parents around the house, including laundry, washing a few dishes, and cleaning. *PAGEID* 93.  He sometimes goes grocery shopping with his father.  *Id.*  He does not socialize outside his home. *PAGEID* 93-94.

At the time of the hearing, plaintiff was not receiving medical treatment. His application for medical assistance had been denied and he had not sought treatment at a free or subsidized medical clinic because "I'm not sure where it's at," although he had made no attempt to locate such resources. *PAGEID* 92-93. He takes Advil, Tylenol, or other over-the-counter medication. *PAGEID* 94.

### A. The First Administrative Decision

The first administrative law judge found (1) that plaintiff had not engaged in substantial gainful activity since filing his first application for benefits; (2) that his severe impairments consisted of status post distal fibular fracture with residual pain; (3) that plaintiff's impairments neither met nor equaled a listed impairment; (4) that plaintiff had the RFC to lift up to 50 pounds occasionally and to lift and carry up to 30 pound frequently, to walk 2 – 3 hours in the 8-hour workday, to stand 2 – 3 hours in an 8-hour workday, and to sit 4 – 6 hours in an 8-hour workday. Plaintiff could not work around concentrated exposure to extreme cold, vibration and wetness. *PAGEID* 108-11. Relying on the testimony of a vocational expert, the administrative law judge found that this RFC permitted plaintiff to make a successful adjustment to other work that exists in significant numbers in the national economy. *PAGEID* 115. Accordingly, the administrative law judge concluded that plaintiff was not disabled from the time that his application was filed in July 2009 until June 29, 2011, *i.e.,* the date on which that administrative decision as made. *Id*.

### B. The Current Administrative Decision

4

A different administrative law judge considered plaintiff's July 7, 2011 application for benefits. The administrative law judge characterized plaintiff's severe impairments as degenerative changes of the cervical and lumbar spine, depressive disorder, alcohol dependence and cannabis dependence, *PAGEID* 65, but found that plaintiff does not suffer an impairment or combination of impairments that meets or medically equals any listed impairment. PAGEID 66. The administrative law judge found that plaintiff has the RFC

> to perform medium work . . . except [that he] can lift up to 50 pounds occasionally, and lift and carry up to 30 pounds frequently. He is able to walk two to three hours in an eight-hour workday. He is able to stand two to three hours in an eight-hour workday. He is able to sit four to six hours in an eight-hour workday. He must avoid concentrated exposure to extreme cold, vibration, and wetness, and concentrated exposure to fumes, odors, dust, gas and poor ventilation. Additionally, he is limited to only simple, work-related decisions with few work place changes, no work at a fixed production rate pace and only occasional interaction with the general public, coworkers and supervisors.

*PAGEID* 69. In making this finding, the administrative law judge gave "special weight" to the RFC determination from the first administrative decision. *PAGEID* 72. However, because "additional psychological evidence received since [the first administrative decision] indicates a deterioration in the claimant's mental functioning. . . ," *PAGEID* 65, the administrative law judge found that plaintiff's mental impairments served to further reduce plaintiff's RFC.

**III.**

Plaintiff complains that, although the administrative law judge acknowledged the first administrative decision in connection with certain

5

issues, including the RFC determination, the administrative law judge failed to either adopt or explain why she did not adopt the earlier administrative finding that plaintiff suffered the severe impairment of "status post distal fibular fracture with residual pain." *See PAGEID* 108.

In *Drummond v. Commissioner of Social Sec.*, 126 F.3d 837 (6th Cir. 1997), the Sixth Circuit held that, absent evidence of improvement in a claimant's condition or other changed circumstances, a subsequent administrative law judge is bound by the RFC assessment of a previous administrative law judge. *Id.* at 841 (citing 20 C.F.R. § 404.905). Following *Drummond,* the Commissioner of Social Security directed that administrative law judges in the Sixth Circuit adopt the findings of a prior administrative law judge:

> When adjudicating a subsequent disability claim with an unadjudicated period arising under the same title of the Act as the prior claim, adjudicators must adopt such a finding from the final decision by an ALJ or the Appeals Council on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period unless there is new and material evidence relating to such a finding or there has been a change in the law ....

AR 98-4(6), 1998 WL 283902 (June 1, 1998).

According to plaintiff, the failure of the administrative law judge to include "status post distal fibular fracture with residual pain" among plaintiff's severe impairments violated *Drummond* and AR 98-4(6). Moreover, this error was not harmless, in plaintiff's view, because the administrative law judge's "RFC could well have been more restrictive and the outcome of the case could well have been an award of benefits to" plaintiff. *Statement of Errors, PAGEID* 368. This Court disagrees.

As noted *supra*, the administrative law judge in the current proceeding characterized plaintiff's severe impairments as degenerative changes of

the cervical and lumbar spine, depressive disorder, alcohol dependence and cannabis dependence. *PAGEID* 65. Plaintiff's 2011 application for benefits did not allege an impairment arising from "status post distal fibular fracture with residual pain" as a basis of disability. *PAGEID* 234. At the administrative hearing, plaintiff complained of pain "everywhere," especially in his neck. *PAGEID* 92. The administrative law judge considered plaintiff's complaints of pain, *PAGEID* 70-71, but – like the administrative law judge in the earlier administrative proceedings – found that plaintiff's subjective complaints of pain were not credible to the extent that they would preclude an RFC for a reduced range of medium exertion. *Id. See also PAGEID* 112. The fact that the administrative law judge did not include the particular severe impairment articulated by the previous administrative law judge is not, in the view of this Court, determinative.

In any event, because the administrative law judge found that plaintiff suffers from severe impairments, and considered plaintiff's complaints of pain caused by those impairments, the Court concludes that any error in failing to include the particular severe impairment articulated by the previous administrative law judge was harmless. The finding of a severe impairment is a threshold determination; the finding does not require a conclusion of disability but merely requires the continuation of the sequential analysis. *See Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987). The administrative law judge continued the sequential analysis and considered plaintiff's impairments, and the pain assertedly suffered by plaintiff, in determining plaintiff's RFC. *See McGlothin v. Comm'r of Soc. Sec.*, 299 F. App'x 516, 522 (6th Cir. 2008). In this regard, it is significant that the RFC found

by the administrative law judge, which included limitations resulting from plaintiff's mental impairments, was in fact more restrictive than that found by the previous administrative law judge. In any event, plaintiff does not explain how the inclusion of "status post distal fibular fracture with residual pain" among plaintiff's severe impairments would have resulted in a more restrictive RFC or a different outcome.

In short, the administrative law judge did not err in this regard.

Plaintiff also contends that, as it relates to plaintiff's ability to stand and walk, the RFC determination is inconsistent with that found by the previous administrative law judge. Plaintiff bases his argument on the fact that the administrative law judge gave "no probative value" to the opinions of the state agency reviewing physicians, *see* PAGEID 72, who stated that their opinions were consistent with the RFC found by the previous administrative law judge. Again, this Court disagrees.

The first administrative law judge found that plaintiff could "walk 2 to 3 hours in an 8-hour workday" and "stand 2 to 3 hours in an 8-hour workday." PAGEID 111. The state agency physicians who reviewed the record in connection with plaintiff's current application opined that plaintiff has the RFC to "[s]tand and/or walk . . . for a total of [a]bout 6 hours in an 8-hour workday." PAGEID 126; PAGEID 138. The administrative law judge assigned "no probative value" to the opinion of the state agency physicians in this regard "because it is inconsistent with the previous Administrative Law Judge decision, which limited the claimant to standing and walking two to three hours." PAGEID 72. This finding of inconsistency is accurate because, as the Commissioner reasons, "the state agency physicians' opinions allow for Plaintiff to, for example, stand five hours and walk

8

one hour or walk for five hours and stand for only one." *Memorandum in Opposition*, *PAGEID* 380.

Both administrative law judges found that plaintiff has the RFC to, *inter alia*, stand for 2 to 3 hours in a workday and walk for 2 to 3 hours in a workday.[1] This finding by the second administrative law judge therefore conformed to the requirements of *Drummond* and AR 98-4(6). Moreover, when asked to assume a claimant with plaintiff's vocational profile and the RFC found by the administrative law judge, including the ability "to walk two to three hours in an eight-hour workday [and] to stand two to three hours in an eight-hour workday," *PAGEID* 98, the vocational expert testified that such a claimant could perform work that exists in significant numbers in the national economy. *See PAGEID* 99-100. The Court finds no error in the decision of the administrative law judge in this regard.

Finally, plaintiff contends that the administrative law judge's RFC determination was improper because she failed to engage in the function-by-function analysis required by SSR 96-8p. *Statement of Errors*, *PAGEID* 365-66. SSR 96-8p requires that the RFC determination consider certain exertional capacities or functions: "[s]itting, standing, walking, lifting, carrying, pushing, and pulling." *Id.*, 1996 WL 374184, at *5. The Commissioner's regulations specify that a claimant's RFC must take into account the extent to which a claimant's "ability to perform certain physical demands of work activity, such as sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions (including manipulative or postural functions, such as reach, handling,

---

[1] As noted, the first administrative law judge found that plaintiff could "walk 2 to 3 hours in an 8-hour workday" and "stand 2 to 3 hours in an 8-hour workday." *PAGEID* 111. The current administrative law judge found that plaintiff could "walk two to three hours in an eight-hour workday. He is able to stand two to three hours in an eight-hour workday." *PAGEID* 69.

stooping or crouching) . . ." may reduce the claimant's ability to work. 20 C.F.R. § 416.945(b). Although the administrative law judge's RFC determination considered plaintiff's ability to lift, stand, walk, and sit, that determination made no mention of plaintiff's ability to stoop, kneel, crouch, crawl or ascend and descend ladders or scaffolding. This failure, plaintiff contends, is reversible error. *Statement of Errors*, *PAGEID* 367.

However, although "SSR 96-8p requires a 'function-by-function evaluation' to determine a claimant's RFC, case law does not require the ALJ to discuss those capacities for which no limitation is alleged." *Delgado v. Commissioner of Social Sec.,* 30 Fed. Appx. 542, 547, 2002 WL 343402, \*\*4 (6th Cir. Mar. 4, 2002). "[T]he ALJ need only articulate how the evidence in the record supports the RFC determination, discuss the claimant's ability to perform sustained work-related activities, and explain the resolution of any inconsistencies in the record." *Id.* at 548. The record in this action does not include evidence of any postural limitations. Indeed, the state agency physicians who reviewed the record expressly found that plaintiff has no postural limitations. *PAGEID* 126, 139. Plaintiff – whose burden it is to establish such limitations – does not claim any limitation in his ability to stoop, kneel, crouch, crawl or ascend an descend ladders or scaffolding. The failure of the administrative law judge to engage in a superfluous analysis of irrelevant limitations was not reversible error.

Having carefully reviewed the record in this action, the Court concludes that the decision of the Commissioner is supported by substantial evidence and must therefore be affirmed.

It is therefore **RECOMMENDED** that the decision of the Commissioner be affirmed and that this action be dismissed pursuant to Sentence 4 of 42 U.S.C. § 405(g).

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

*s/Norah McCann King*
Norah McCann King
United States Magistrate Judge

December 4, 2015