UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JACK LEE HELDMAN,

    Plaintiff,

vs.

                                        Case No. 2:15–cv–540
                                        Judge Watson
                                        Magistrate Judge King

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

## OPINION AND ORDER

Plaintiff seeks review of a final decision of the Commissioner of Social Security denying Plaintiff's application for SSI benefits. On February 4, 2015, the United States Magistrate Judge recommended that the decision of the Commissioner be affirmed and that this action be dismissed pursuant to Sentence 4 of 42 U.S.C. § 405(g). *Report and Recommendation*, ECF No. 21. This matter is now before the Court on Plaintiff's objection to that recommendation. *Objection*, ECF No. 22. The Commissioner has filed a response to Plaintiff's objection. *Response*, ECF No. 23. The Court has considered the matter *de novo*. See 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b).

Plaintiff was fifty-five years of age on the date that he filed his current application. *PAGEID* 74, 207. He has a high school education. *PAGEID* 74, 235. He has not engaged in substantial gainful activity since July 7, 2011, the date that his current application was filed. *PAGEID* 65.

This is plaintiff's second application for benefits. The administrative law judge who considered Plaintiff's first application for benefits found that Plaintiff's severe impairment consisted of status post distal fibular fracture with residual pain but that plaintiff had the residual functional capacity ("RFC") to lift up to fifty pounds occasionally and to lift and carry up to thirty pounds frequently, to walk 2 - 3 hours in the 8-hour workday, to stand 2 - 3 hours in an 8-hour workday, and to sit 4 – 6 hours in an 8-hour workday. Plaintiff also had certain environmental restrictions. *PAGEID* 108-11.

The administrative law judge who considered Plaintiff's current application for benefits found that Plaintiff's severe impairments consist of degenerative changes of the cervical and lumbar spine, depressive disorder, and alcohol and cannabis dependence. *PAGEID* 65. However, Plaintiff has the RFC for a reduced range of medium work

> . . . except [that he] can lift up to 50 pounds occasionally, and lift and carry up to 30 pounds frequently. He is able to walk two to three hours in an eight-hour workday. He is able to stand two to three hours in an eight-hour workday. He is able to sit four to six hours in an eight-hour workday. He must avoid concentrated exposure to extreme cold, vibration, and wetness, and concentrated exposure to fumes, odors, dust, gas and poor ventilation. Additionally, he is limited to only simple, work-related decisions with few work place changes, no work at a fixed production rate pace and only occasional interaction with the general public, coworkers and supervisors.

*PAGEID* 69. In making this finding, the administrative law judge gave "special weight" to the RFC determination from the first administrative decision. *PAGEID* 72. However, because "additional psychological evidence received since [the

first administrative decision] indicates a deterioration in the claimant's mental functioning. . . ," *PAGEID* 65, the administrative law judge found that plaintiff's mental impairments served to further reduce plaintiff's RFC.

In his *Statement of Errors*, ECF No. 14, Plaintiff challenged the administrative law judge's RFC determination as unsupported by substantial evidence and because, in making that determination, the administrative law judge failed to perform a function-by-function analysis. *Id.* at *PAGEID* 364-67.  Plaintiff also complained that the administrative law judge failed to properly evaluate Plaintiff's most recent claim for benefits in light of the first administrative determination. *Id.* at *PAGEID* 367-68.  In his objections, Plaintiff argues only that the current administrative law judge improperly failed to include in Plaintiff's severe impairments the "status post distal fibular fracture with residual pain" found by the first administrative law judge.  See generally Objection.

In *Drummond v. Commissioner of Social Sec.*, 126 F.3d 837 (6th Cir. 1997), the Sixth Circuit held that, absent evidence of improvement in a claimant's condition or other changed circumstances, a subsequent administrative law judge is bound by the RFC assessment of a previous administrative law judge.  *Id.* at 841 (citing 20 C.F.R. § 404.905).  Following *Drummond,* the Commissioner of Social Security directed that administrative law judges in the Sixth Circuit adopt the findings of a prior administrative law judge:

> When adjudicating a subsequent disability claim with an unadjudicated period arising under the same title of the Act as the

> prior claim, adjudicators must adopt such a finding from the final decision by an ALJ or the Appeals Council on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period unless there is new and material evidence relating to such a finding or there has been a change in the law . . . .

AR 98-4(6), 1998 WL 283902 (June 1, 1998).

The Magistrate Judge framed the issue as follows:

> According to plaintiff, the failure of the administrative law judge to include "status post distal fibular fracture with residual pain" among plaintiff's severe impairments violated *Drummond* and AR 98-4(6). Moreover, this error was not harmless, in plaintiff's view, because the administrative law judge's "RFC could well have been more restrictive and the outcome of the case could well have been an award of benefits to" plaintiff. *Statement of Errors, PAGEID* 368.

*Report and Recommendation*, PAGEID 394. The Magistrate Judge rejected

Plaintiff's contention in this regard:

> As noted *supra*, the administrative law judge in the current proceeding characterized plaintiff's severe impairments as degenerative changes of the cervical and lumbar spine, depressive disorder, alcohol dependence and cannabis dependence. *PAGEID* 65. Plaintiff's [current] application for benefits did not allege an impairment arising from "status post distal fibular fracture with residual pain" as a basis of disability. *PAGEID* 234. At the administrative hearing, plaintiff complained of pain "everywhere," especially in his neck. *PAGEID* 92. The administrative law judge considered plaintiff's complaints of pain, *PAGEID* 70-71, but – like the administrative law judge in the earlier administrative proceedings – found that plaintiff's subjective complaints of pain were not credible to the extent that they would preclude an RFC for a reduced range of medium exertion. *Id. See also PAGEID* 112. The fact that the administrative law judge did not include the particular severe impairment articulated by the previous administrative law judge is not, in the view of this Court, determinative.

> In any event, because the administrative law judge found that plaintiff suffers from severe impairments, and considered plaintiff's complaints of pain caused by those impairments, the Court concludes that any error in failing to include the particular severe impairment articulated by the previous administrative law judge was harmless. The finding of a severe impairment is a threshold determination; the finding does not require a conclusion of disability but merely requires the continuation of the sequential analysis. *See Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987). The administrative law judge continued the sequential analysis and considered plaintiff's impairments, and the pain assertedly suffered by plaintiff, in determining plaintiff's RFC. *See McGlothin v. Comm'r of Soc. Sec.*, 299 F. App'x 516, 522 (6th Cir. 2008). In this regard, it is significant that the RFC found by the administrative law judge, which included limitations resulting from plaintiff's mental impairments, was in fact more restrictive than that found by the previous administrative law judge. In any event, plaintiff does not explain how the inclusion of "status post distal fibular fracture with residual pain" among plaintiff's severe impairments would have resulted in a more restrictive RFC or a different outcome.
>
> In short, the administrative law judge did not err in this regard.

*Report and Recommendation*, PAGEID 394-95.

Plaintiff's *Objection* raises the same argument presented to and rejected by the Magistrate Judge. This Court agrees with the Magistrate Judge's resolution of the issue and concludes that the decision of the Commissioner must be affirmed.

Plaintiff's *Objection*, ECF No. 22, is **DENIED**. The *Report and Recommendation*, ECF No. 21, is **ADOPTED AND AFFIRMED**. The Court concludes that the decision of the Commissioner is supported by substantial evidence and is therefore **AFFIRMED**.

This action is hereby **DISMISSED**. The Clerk is **DIRECTED** to enter **FINAL JUDGMENT** pursuant to Sentence 4 of 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**

_____
**MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT**